UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN T. MITCHELL,
Plaintiff,

-AGAINST-

A JOHN DOE POLICE
DETECTIVE OR POLICE OFFICER WHO ARRESTED
PLAINTIFF ON OR ABOUT SEPTEMBER 27, 2022,

Defendant.

COMPLAINT
AND
JURY DEMAND

Stephen T. Mitchell, as and for his complaint against the named defendants above, alleges as follows:

## INTRODUCTION

1. On September 27, 2022 Plaintiff, Stephen T. Mitchell, was arrested in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because of the misconduct and mendacity of the defendant.

2. Plaintiff, Stephen T. Mitchell, brings federal claims pursuant to 42 U.S.C. §1983 for malicious prosecution and fabrication of evidence in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and claims of violations of New York state law.

## THE PARTIES

3. The Plaintiff is Stephen T. Mitchell, a person of African-American descent.

4. The individual defendant is (or was) a New York City police detective or police officer assigned to investigate and arrest Stephen T. Mitchell on or about September 25, September 26, and September 27, 2022. The individual defendant's name presently is unknown to the Plaintiff.

5. Plaintiff alleges, on information and belief, that the individual defendant detective or police officer interviewed Plaintiff's uncle, Sidney Browne, on or about September 25, 2022 or September 26, 2022.

6. On or about September 26, 2022 the individual defendant detective or police officer visited the home of the Plaintiff during evening hours with another detective or police officer. The individual defendant detective or police officer instructed Plaintiff to report to his police precinct (Plaintiff believes it was the 20th Precinct in New York City) the next morning, on September 27, 2022, in order to be arrested based upon the complaint of Sidney Browne.

7. Plaintiff heeded the individual defendant detective or police officer direction and reported to the precinct nearly an hour before he was instructed to appear on September 27, 2022. Upon his appearance Plaintiff was jailed and eventually delivered to 100 Centre Street in Manhattan for arraignment by the individual defendant in a patrol car.

## JURISDICTION AND VENUE

8. This action is brought under 42 U.S.C. §1983 in that Stephen T. Mitchell alleges that he was deprived under color of law of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because of malicious prosecution and the fabrication of evidence prior to and during criminal court proceedings.

9. This Court has original subject matter jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

10. Plaintiff also alleges pendant state law claims.

11. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. §1391 because Mr. Mitchell's claims arose in this District.

## JURY DEMAND

12. Stephen T. Mitchell hereby demands a trial by jury for all issues raised by this complaint.

## FACTUAL BACKGROUND OF THE CASE

13. Sidney Browne was the uncle of Plaintiff, Stephen T. Mitchell. Sidney Browne was born in May 1936. He was 86 years old in September 2022.

14. Sidney Browne suffered from dementia in September 2022. He had suffered from dementia for several years prior to September 2022. Some of his dementia was due to a stroke he had a few years prior to 2022. He experienced severe memory lapses because of his mental illnesses and often hallucinated. Several times during 2022 and in the years prior he would lose items of value to him and falsely accuse people of stealing from him.

15. Indications of Sidney Browne's poor physical and mental health, as well as the results of the stroke he experienced, were apparent to a casual observer in September 2022. His speech often slurred or was slow and interrupted. He had little use of his left arm; it often spasmed uncontrollably. Mr. Browne resided in a Single Room Occupancy facility that served elderly and disabled persons and was under the care of health aids five to seven days per week.

16. Several times prior to September 2022 Sidney Browne made false complaints to security officials in his building that health aids and family members had stolen valuables and money from him. Often the items he accused people of stealing were in closets or storage areas in his home that were not in his direct line of sight.

17. On or about September 24, 2022 the Plaintiff deposited more than one thousand dollars in certified funds to a bank account owned by Sidney Browne. The check was deposited in an electronic teller near Broadway in Manhattan. The money was owned by Sidney Browne and was removed and re-deposited by the Plaintiff upon Sidney Browne's request.

18. Plaintiff frequently executed banking transactions for Sidney Browne at Mr. Browne's request between 2019 and 2022. Mr. Browne was disabled and not capable of walking easily to the bank to get cash or engage in basic banking transactions. The Plaintiff, his nephew, did this for him on several occasions for a three-year period of time.

19. Sidney Browne accused his nephew of stealing the money the nephew deposited to his account on or about September 24 or September 25, 2022. Mr. Browne checked his bank account by telephone on either of those days and the deposit made by the Plaintiff on or about September 24 or 25, 2022 did not register. The deposit registered either September 27 or 28, 2022.

20. Upon information and belief, Sidney Browne called the police and accused his nephew of stealing from him when in fact the nephew made the deposit in a timely manner. The bank recording of the deposit did not occur until a few days after the deposit was made because the deposit was made in an electronic teller machine.

21. The individual defendant detective or police officer arrested the Plaintiff on September 27, 2022 purportedly because Plaintiff threatened Mr. Browne over the telephone. Mr. Browne resided approximately two miles from the Plaintiff at the time of the alleged threat.

22. The alleged threat never occurred. Plaintiff never threatened his uncle on the telephone. The individual defendant's claim was false and the individual defendant knew the claim was false when he told the prosecutors of it.

23. The individual defendant made use of the false claim of Aggravated Harassment in order to arrest Plaintiff on September 27, 2022. The Aggravated Harassment charge was made so that the Plaintiff would be incarcerated while the individual defendant investigated whether or not Plaintiff stole money from Mr. Browne. The bank records regarding weekend transactions were unavailable during the initial stages of the individual defendant's investigation. Once those records became available it was clear the Plaintiff made the deposit of his uncle's funds as he had promised and there was no theft.

24. The individual defendant lacked probable cause to arrest plaintiff without the false charge and he knew it. Further, the individual defendant's decision to arrest the Plaintiff was imprudent and unreasonable because of Mr. Browne's obvious mental infirmities.

25. If the individual defendant had performed a rudimentary investigation by talking with the building security he would have discovered there were other numerous and false reports by Mr. Browne of people stealing from him when, in fact, nothing was stolen. He also would have learned of Mr. Browne's dementia and the unreliability of any claims he made that property was stolen from him before the Plaintiff was incarcerated.

26. The individual defendant caused the arrest and incarceration of the Plaintiff on September 27, 2022. The individual defendant, with malice, caused a criminal complaint to be lodged against the Plaintiff in order to facilitate his investigation of the alleged theft and to enhance his income by collecting overtime for the arrest of the Plaintiff.

27. The individual defendant bitterly complained that because of the Covid epidemic his overtime pay opportunities diminished and he was under financial duress because without the overtime pay it was difficult to keep up his mortgage payments and other bills he was responsible for. A significant reason for incarcerating the Plaintiff on September 27, 2027 was so the individual defendant could make a claim for overtime pay.

28. Plaintiff was incarcerated for most of the day on September 27, 2022. He was arrested by 9 a.m. in the morning and released near 9 p.m. that evening. Plaintiff had to return to court twice during a three-month period of time while criminal charges were pending. Finally, on December 5, 2022 criminal charges against the Plaintiff were dismissed for failure to prosecute.

## COUNT I

## VIOLATION OF 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

29. Plaintiff alleges a malicious prosecution claim in violation of 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

30. Plaintiff alleges the defendant initiated criminal proceedings against him by effecting his arrest and beginning his prosecution on September 27, 2022.

31. The aforesaid prosecution terminated favorably for Plaintiff on December 5, 2022 by the State's voluntary dismissal of the criminal proceedings.

32. There was no probable cause for the criminal proceedings. There was no theft. Further, their was no credible evidence of Aggravated Harassment given the mental infirmities of the alleged witness. Plaintiff never threatened his uncle. The charge was used to arrest and incarcerate Plaintiff to assist in the investigation of an alleged theft.

33. The arrest and incarceration by the defendant was malicious. There was no reason or basis to arrest and incarcerate the Plaintiff. Further, the arrest and incarceration was done, in significant part, so the defendant could obtain overtime pay to help satisfy his debt obligations and living expenses.

34. Plaintiff was required to return to court several times over a three-month period of time prior to the dismissal of his case.

COUNT II

VIOLATION OF 42 U.S.C. §1983 AND
THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION

35. Plaintiff alleges the defendant in this case was an investigating official who fabricated information, to wit: the defendant falsely claimed Mr. Browne asserted a claim of aggravated harassment in order to initiate criminal proceedings against Plaintiff for the reasons noted above. The false information was forwarded to the prosecutor.

36. Plaintiff was denied his liberty. He was arrested and incarcerated. Once Plaintiff was released from incarceration, he was required to come to court on several occasions for a three-month period of time until the dismissal of the case.

## PRAYER FOR RELIEF PURSUANT TO 42 U.S.C. §1983

WHEREFORE, Plaintiff STEPHEN T. MITCHELL demands judgment against the above-captioned Defendant as follows:

1. For compensatory damages to be determined at trial;
2. For punitive damages against the individual Defendant in an amount to be determined at trial;
3. For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. §§ 1983 and 1988 and other applicable laws;
4. For pre-and post-judgment interest as allowed by law; and
5. For such other relief as this Court deems just and proper.

VERIFICATION

I affirm under the penalties of perjury pursuant to 28 U.S.C. §1746 that the aforesaid statements are true and correct to the best of my ability.

Dated: December 3, 2025

Stephen T. Mitchell

By:____________________

Stephen T. Mitchell, *Pro Se*
461 Central Park West Apt. 6B
New York, NY 10025
STM7615@aol.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Stephen T. Mitchell

*Plaintiff(s)*

v.

A John Doe Police Detective or Police officer who arrested Plaintiff on or About September 27, 2022

*Defendant(s)*

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

UNKNOWN John Doe Police Detective or Police officer who Arrested Plaintiff on or ABout September 27, 2022.

20 PRECINCT
120 W 82nd STreet
New York, NY 10024

100 Church ST.
New York, NY 10013
New York City Corporation Counsel
Dept of LAW

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Stephen T. Mitchell, Pro Se
461 Central Park West #6B
New York, NY 10025

EMAIL:
STM7615@
AOL.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ________________

*Signature of Clerk or Deputy Clerk*