**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

STEPHEN T. MITCHELL,

Plaintiff,

-against-

DETECTIVE TIMOTHY KRAFT, et al.,

Defendants.

---------------------------------------------------------------X

**25-CV-10065 (ALC) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

The Court held a conference in this matter today, August 19, 2026. As discussed at the conference, Defendants are directed to file a pre-motion letter concerning their motion to dismiss under Rule 12(c) by **August 31, 2026**. Plaintiff is directed to file his response to the letter by **September 30, 2026**.

As discussed at the conference:

- Initial disclosures are due by September 2, 2026.
- Initial requests for production and interrogatories are due by September 18, 2026.
    - Responses to the initial requests for production and interrogatories are due by October 19, 2026.
    - All subsequent requests for production and interrogatories are due no later than 30 days before the close of fact discovery.
- Depositions are limited to 10 depositions per party and must be completed by January 4, 2027.
- Requests for admission are due by January 4, 2027.
- The last day for the parties to amend their pleadings is January 29, 2027.
- Fact discovery closes on February 3, 2027.

  - The parties must file a letter certifying that fact discovery is complete by February 3, 2027.

- Expert discovery closes on March 31, 2027.

Finally, Plaintiff indicated at the conference that he would benefit from the assistance of pro bono counsel. When deciding whether to assign counsel, the threshold inquiry is whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Having reviewed the third amend complaint (ECF No. 19), there is substance to Plaintiff's claims. Additionally, in light of Plaintiff's serious health concerns, pro bono counsel would allow the case to proceed more efficiently. Dawkins v. Copeland, No. 17-CV-9926 (ER), 2020 WL 4207580, at *3 (S.D.N.Y. July 22, 2020) (granting the request for pro bono counsel where it would "lead to a quicker and more just result") (citation omitted).

The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff in this case. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly.

The Clerk of Court is respectfully directed to provide a copy of this order to pro se Plaintiff and to close the motion at ECF No. 15.

**SO ORDERED.**

DATED: New York, New York
August 19, 2026

VALERIE FIGUEREDO
United States Magistrate Judge