THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**KATHLEEN D. REILLY**
*Senior Counsel*
Phone: (212) 356-2368
Fax: (212) 356-3558
Email: kareilly@law.nyc.gov

November 10, 2026

**BY ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Stephen Mitchell v. Timothy Kraft, *et al.*,
25 Civ. 10065 (ALC) (VF)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel for the City of New York, and the attorney representing defendants City of New York (the "City") and Timothy Kraft (collectively, "defendants") in the above-referenced matter.[1] Defendants write respectfully to request a stay of all pending deadlines, *sine die*, until *pro bono* counsel appears on behalf of plaintiff. This is the first such request for relief. Defendants have reached out to plaintiff, who is proceeding *pro se*, for his consent, but plaintiff has not responded as of this filing.

By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, violations of his federal constitutional rights in connection with his arrest on or about September 27, 2022. During the parties' August 19, 2026 conference, Your Honor granted plaintiff's request for appointment of counsel and also directed defendants to file a pre-motion letter concerning their anticipated motion under Rule 12(c) by August 31, 2026. (ECF No. 32.) Defendants timely filed their pre-motion letter. (ECF No. 33.) Thereafter, on October 7, 2026, the Honorable Andrew L. Carter, Jr. denied defendants' request for a pre-motion conference without prejudice, pending appointment of plaintiff's *pro bono* counsel. (ECF No. 37.) The Court further directed the parties to file a joint status report within 60 days of that Order, or by December 7, 2026. (Id.)

Defendants respectfully submit that good cause exists to stay the proceedings until *pro bono* counsel is appointed. "Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of good cause." Saifuddin Bin

[1] This case is assigned to Assistant Corporation Counsel Reza Sarrafian, who is awaiting admission to the Bar. He is handling this matter under my supervision and may be reached at 212.356.2424 or rsarrafian@law.nyc.gov.

Abdul-Aziz v. Hall, No. 26 Civ. 2792 (JAV) (KHP), 2026 WL 2607724, at *1 (S.D.N.Y. Sept. 3, 2026) (citations and internal quotation marks omitted). "Once *pro bono* counsel appears on behalf of a *pro se* plaintiff, it is counsel's duty to review the *pro se* complaint 'and promptly to cure any deficiencies, elaborate on allegations where appropriate and specify any additional causes of action worthy of pursuit.'" Thrower v. Pozzi, No. 99 Civ. 5871 (GBD), 2002 WL 91612, at *2 (S.D.N.Y. Jan. 24, 2002) (quoting Copeland v. Rosen, 38 F.Supp.2d 298, 302 (S.D.N.Y.1999)).

A stay of the instant matter, pending appointment of *pro bono* counsel, is in the interest of judicial economy and efficiency. Indeed, this Court granted plaintiff's request for counsel because doing so would "allow the case to proceed more efficiently." (ECF No. 32.) Proceeding with discovery before counsel appears would undermine the purpose of granting plaintiff's request for counsel, as plaintiff would have to navigate document requests, interrogatories, depositions, and potentially expert discovery on his own, while simultaneously navigating his "serious health concerns." (ECF No. 32.) Moreover, once *pro bono* counsel is appointed, he or she would have a larger, and potentially more confusing, record with which to familiarize themselves. This, in turn, could result in unnecessary effort and expense, as well as potential waste of the Court's resources. A stay would avoid these inefficiencies. See Esposito v. Suffolk Cnty. Cmty. Coll., No. 2016 CV 4833 (ADS) (ARL), 2019 WL 13160064, at *4 (E.D.N.Y. Oct. 31, 2019) (staying proceedings "until a volunteer is found and appears.").

Accordingly, defendants respectfully request the Court stay all pending deadlines, *sine die*, until *pro bono* counsel is appointed and appears on behalf of plaintiff. Should the Court grant this request, defendants will provide the Court with a status report within sixty (60) days of such Order. Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

Kathleen D. Reilly
Senior Counsel
Special Federal Litigation Division

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 13, 2026**

Defendants' request is granted. All pending deadlines are stayed. Defendants are ordered to provide a status report within sixty (60) days of this order.

The Clerk of Court is directed to close the gavel at ECF No. 38.

cc: **By First Class Mail and Email**
Stephen T. Mitchell
*Plaintiff Pro Se*
461 Central Park West, Apt. 6B
New York, NY 10025
stm7615@aol.com